UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 01-14049-CR-GRAHAM/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDWARD EUGENE MARSHALL,

    Defendant.

_____/



FILED by ____ D.C.

JUL 29 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON FINAL EVIDENTIARY HEARING IN RESPECT TO SUPERSEDING PETITION ALLEGING VIOLATIONS OF SUPERVISED RELEASE

**THIS CAUSE** having come on to be heard for a final evidentiary hearing in respect to the Superseding Petition Alleging Violations of Supervised Release [D.E. #713] and this Court having received evidence and arguments of counsel recommends to the District Court as follows:

1. The Superseding Petition signed by Judge Graham on July 7, 2014 alleges the following violations:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about April 24, 2014, in Indian River, Florida, the defendant committed the offense of sale or delivery of heroin, contrary to Florida Statute 893.13(1)(a). (Case #2014CF000667) |
| **Violation Number 2** | **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about April 24, 2014, in Indian River, Florida, the defendant committed the offense of possession of heroin, contrary to Florida Statute 893.13(6)(a). (Case #2014CF000667) |
| **Violation Number 3** | **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about June 6, 2014, in Indian River, Florida, the |

|  |  |
|---|---|
|  | defendant committed the offense of possession of cocaine, contrary to Florida Statute 893.13(6)(a). (Case #2014CF000672) |
| **Violation Number 4** | **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about June 6, 2014, in Indian River, Florida, the defendant committed the offense of possession of oxycodone, contrary to Florida Statute 893.13(6)(a). (Case #2014CF000672) |
| **Violation Number 5** | **Violation of Mandatory Condition**, by failing to refrain from a violation of the law. On or about June 6, 2014, in Indian River, Florida, the defendant committed the offense of possession of hydromorphone, contrary to Florida Statute 893.13(6)(a). (Case #2014CF000672) |

2. This Court conducted an evidentiary hearing beginning on July 18, 2014. As will be reflected later herein, the Court heard evidence at that hearing and then continued the conclusion of the hearing to July 23, 2014. This Court heard additional evidence at that time and then determined further evidence concerning the analysis of the narcotics seized in this case was necessary. The Court then continued the conclusion of the evidentiary to July 28, 2014 and directed the government to have the lab technician who performed the analysis on the narcotics present for testimony. This Court will go into further detail in this Report and Recommendation as to the evidence received.

3. Detective Brandes of the Indian River County Sheriff's Office testified that he had been investigating the Defendant regarding narcotics transactions. He used a confidential source (CS) to buy heroin from the Defendant in Indian River County on or about April 24, 2014. There was an audio and video made of that transaction with the equipment being hidden on the person of this CS. Approximately one gram of heroin was sold by the Defendant to the CS on that date. Detective Brandes was present at the time

of that transaction and observed the transaction. He identified the Defendant in open court at this hearing as the individual who sold the heroin to the CS.

4. The State Attorney's Office in Indian River County has filed state charges against the Defendant in respect to the sale of heroin charges. An arrest warrant was issued for the Defendant and Detective Brandes participated in the Defendant's arrest in June of 2014.

5. On or about June 6, 2014, the Defendant was observed leaving his residence in his vehicle. Another officer made a traffic stop at the direction of Detective Brandes. At the traffic stop, the warrants for the charges emanating from the sale of heroin were served upon the Defendant and he was taken into custody. A quick pat-down of the Defendant revealed other narcotics which were seized. The Defendant was transported to the Indian River County Jail facility. From his person were seized approximately eight grams of crack cocaine and various pills.

6. Detective Brandes testified that he advised the Defendant of his <u>Miranda</u> rights as the Defendant was being placed in the patrol car. The Defendant waived those rights and told the officers that the narcotics seized from his person were his. A recorded post-<u>Miranda</u> statement was taken from him. This Court will reference that audio recording later in this Report and Recommendation.

7. The CS in this case was paid $40 or $50. The CS is not working off any charges and is not a convicted felon. Detective Brandes has been using this CS for approximately six months. He estimates the CS has been paid somewhere between $100 and $200 for the total work done thus far.

3

8. Detective Brandes testified that the CS had met the Defendant at a mutual friend's house in March of 2014. At that time the Defendant purportedly gave the CS heroin. This is how the investigation began concerning the Defendant.

9. There are no lab reports yet on the heroin. It did field test positive according to the test performed by Detective Brandes directly after the transaction with the Defendant in April of 2014. Additionally, the other narcotics seized from the Defendant at the time of his arrest on June 6, 2014 have not yet been analyzed. Only field test results are available. Detective Brandes testified that the field tests were positive.

10. At the time the Defendant was arrested in June of 2014, he made no attempt to flee and had no weapons on him. He was cooperative according to Detective Brandes.

---

11. This concluded the testimony of Detective Brandes on July 18, 2014. At that time, both counsel for the government and the Defendant announced that the government had just received copies of the audio/video of the April 24, 2014 narcotics transaction wherein the Defendant sold heroin to a CS as well as the audio of the Defendant's post-Miranda statement made on June 6, 2014. The government had not yet had an opportunity to review those items of evidence and neither had counsel for the Defendant. Therefore, both parties agreed that this Court could continue the hearing to allow the government and the Defendant to review these additional items of evidence. This Court stated that it would do so and would set a continuation of the final hearing for July 23, 2014. In the meantime, the Court did receive further evidence from witnesses who were present in court at the July 18, 2014 evidentiary hearing.

12.     The next witness was Deputy Sheriff Bartuccelli of the Indian River County Sheriff's Office. He was on road patrol and assisted in the arrest of the Defendant on June 6, 2014. He identified the Defendant in court as the person he stopped at the direction of detectives with his agency. Deputy Bartuccelli testified that Detective Stanley of the Indian River County Sheriff's Office informed him that they were looking for the Defendant. A description of the Defendant's vehicle was given to him by the detectives. Deputy Bartuccelli was parked near Highlands Drive Southwest and observed the subject vehicle being driven by the Defendant pass his location.

13.     Deputy Bartuccelli followed the Defendant's vehicle and notified Detective Stanley. Detective Stanley said to follow the vehicle and make sure it did not leave Indian River County. He later told Deputy Bartuccelli to make a traffic stop. A traffic stop was made for improperly tinted windows. Deputy Bartuccelli had a tint meter used and a violation was written.

14.     The detectives arrived at the scene while this traffic stop was being conducted and took over the arrest of the Defendant. Deputy Bartuccelli stayed on the scene until he transported the Defendant to jail. No statements were made by the Defendant during that transport.

---

15.     The government then rested its case subject to the conclusion set for July 23, 2014.

## Continuation of Hearing on July 23, 2014

16. Detective Brandes was called to the stand by the government again. He identified Government's Exhibit No. 1 as a DVD of the April 24, 2014 transaction in which the Defendant is observed selling heroin to the CS. The government offered Government's Exhibit No. 1 into evidence and it was admitted for purposes of this hearing without objection from the Defendant.

17. Government's Exhibit No. 2 offered in evidence is an audio of the Defendant's post-<u>Miranda</u> statement made to Detective Brandes on June 6, 2014. As with Government's Exhibit No. 1, Detective Brandes testified that he has reviewed both of these exhibits and that they each accurately depict the matters that took place on the respective dates and times. Government's Exhibit No. 2 was admitted into evidence for purposes of this hearing without objection from the Defendant.

18. Both counsel for the government and counsel for the Defendant agreed that this Court could review both exhibits in Chambers after the conclusion of the hearing.

19. Detective Brandes testified that in his post-<u>Miranda</u> statement, the Defendant admitted that he had the crack cocaine, an unknown pill which later was determined to be Xanax, several Dilaudid pills, and Oxycodone.

20. Detective Brandes spoke with the technician at the Indian River Crime Lab this morning prior to court. He spoke with the technician whose name is Sal. This conversation took place at the Indian River Crime Lab concerning the lab results of the narcotics seized in this case.

21. The lab technician, Sal, told Detective Brandes that the heroin from the April transaction tested positive for heroin as did the cocaine seized at the time of the Defendant's arrest on June 6, 2014 which tested positive for cocaine.

22. Detective Brandes testified that he neglected to ask the lab technician about the lab results for any of the pills. A hard copy of the report is to be provided to Detective Brandes today after it is reviewed by Sal's supervisor.

23. Mr. Peacock objected to the Court considering this evidence since it is hearsay and the government has not established the unavailability of Sal, the lab technician.

24. This Court agreed with Mr. Peacock's position concerning the Defendant's right to confront the person who performed the laboratory analysis on the subject controlled substances. This Court stated that it would continue this hearing until Monday, July 28, 2014 for the government to present the lab technician in court to testify in this matter concerning his analysis and the results in respect to the substances submitted to him as evidence in this case.

25. This Court stated that if it upheld Mr. Peacock's objections to the hearsay testimony received from Detective Brandes concerning the lab technician's analysis, the Court was merely "kicking the can" down the road to Judge Graham. Since this Court can only rule by way of a Report and Recommendation in this matter, Judge Graham may have to conduct a de novo review of this Court's Report and Recommendation. Either the government or the Defendant could file any objections in that regard. Judge Graham would then be tasked with the issue of whether to allow the government to present the live testimony of the lab technician or sustain the objections of the Defendant. Rather than

further complicate this matter unnecessarily, this Court decided to continue the hearing to have the government present this lab technician at a hearing on July 28, 2014. This Court notes that is the first date that counsel for the Defendant was available for the conclusion of this hearing or the Court would have set it at an earlier date.

26.	This Court also understands Mr. Peacock's objections stated on the record concerning the Court's continuation of the conclusion of the hearing. Mr. Peacock stated that the Defendant is entitled to a prompt resolution of this matter and the government should have been better prepared to present the evidence in full. This Court notes that it has not been an unreasonable delay in proceeding with this matter. The Defendant's initial appearance before this Court was on July 8, 2014 in respect to this Superseding Petition. On that date, it conducted a Pretrial Detention Hearing and Preliminary Hearing. The Court detained the Defendant and found probable cause to proceed to a final hearing. This Court set the final hearing for July 18, 2014. The hearing proceeded as this Report and Recommendation would reflect and was continued to July 23, 2014 to allow both the government and the Defendant to review the audio and video evidence which had just been received on that date. Therefore, this Court finds that a continuation of the conclusion of this hearing to July 28, 2014 is not unreasonable and does not prejudice the Defendant.

### Court's In Camera Review of Government's Exhibits Nos. 1 and 2

27.	At the end of the hearing on July 23, 2014, this Court reviewed Government's Exhibits Nos. 1 and 2 in Chambers. Government's Exhibit No. 1 is a video of the heroin transaction wherein the Defendant is seen selling a substance alleged to be heroin to the

CS. Government's Exhibit No. 2 is an audio of the Defendant's post-<u>Miranda</u> statement to Detective Brandes and another law enforcement officer subsequent to the Defendant's arrest on June 6, 2014.

28. Government's Exhibit No. 1 clearly shows the Defendant selling a substance to the CS. Government's Exhibit No. 2 is audible in some degree. The Defendant mumbles a great deal in response to Detective Brandes' questions. However, Detective Brandes seems to repeat the Defendant's responses for the record to clarify them. Later as the post-<u>Miranda</u> interview moves along, the Defendant's words become much clearer. He is heard advising the detectives of his source of supply and that he was in fact intending to meet that source of supply to purchase more narcotics on the same day that he was arrested. Further discussions concerning where he buys his narcotics and what he does with them are gone into greater detail in his post-<u>Miranda</u> statement.

## Conclusion of Hearing on July 28, 2014

29. This Court convened to conclude the evidentiary hearing in this matter. At the outset, counsel for the Defendant, Mr. Peacock, announced that he has filed a Stipulation [D.E. #724] which reflects that the government has provided a copy of the laboratory analysis of the controlled substances seized from the Defendant in this case as reflected in the evidence. Further, Mr. Peacock's Stipulation reflects that the lab report reveals that the substances allegedly seized from the Defendant on April 24, 2014 and June 6, 2014 were in fact heroin, cocaine, hydromorphone, oxycodone, and alprazolam, all controlled substances under Florida law.

30. Mr. Peacock's Stipulation goes further to state that the Defendant has no objection to the Court receiving the lab report into evidence as a government's exhibit in

this matter. Further, Mr. Peacock's Stipulation states that he withdraws his previous objections based upon hearsay and confrontation clause issues.

31. This Court reviewed the Stipulation with counsel for the parties on the record at the hearing. This Court is satisfied that it does address all the remaining matters in this case concerning the laboratory analysis and the lab technician who performed the analysis. This Court did receive into evidence for the purposes of this hearing Government's Exhibit No. 3 which is the Laboratory Report of Salvatore J. Recco, who is the technician at the Indian River Crime Lab who performed the analysis of the controlled substances in this case. Mr. Recco was present at the hearing for cross-examination by Mr. Peacock. Mr. Peacock stated on the record that he had no questions of Mr. Recco. The government then rested its case.

32. Mr. Peacock stated that the Defendant had no witnesses, evidence, or argument to present to the Court in respect to the pending violations.

## ANALYSIS

33. This Court does not find it necessary to review each and every item of evidence which has been received during these hearings in respect to the five violations set forth in the Superseding Petition. The evidence does establish that on or about April 24, 2014 the Defendant did commit the offense of sale or delivery of heroin and was in possession of heroin on that date. This was substantiated by the video and audio evidence reviewed by this Court in Government's Exhibit No. 1. This exhibit taken in conjunction with the lab report, Government's Exhibit No. 3, establish that the substance passed to the CS was in fact heroin. Therefore this Court finds that the government has

10

sustained its burden of proof to establish by a preponderance of the evidence that the Defendant has violated his supervised release in respect to Violations Numbers 1 and 2 set forth in the Superseding Petition.

34. In respect to Violations Numbers 3, 4 and 5, those substances were seized from the Defendant at the time of his arrest. The lab report, Government's Exhibit No. 3, does support the allegation that the substances were cocaine, oxycodone and hydromorphone. Further, this Court has listened to the Defendant's post-<u>Miranda</u> statement set forth in Government's Exhibit No. 2 in which he admits possession of these controlled substances and gives details as to his source of supply and manner in which he obtains these controlled substances. Therefore, this Court finds that the government has met its burden to establish by a preponderance of the evidence that the Defendant has violated his supervised release in respect to Violations Numbers 3, 4 and 5 inclusive.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to the five violations set forth in the Superseding Petition and that the District Court set a sentencing hearing for final disposition of this matter at its earliest convenience.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L. Graham, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this _____ day of July, 2014, at Fort Pierce, Northern Division of the Southern District of Florida.

```
_____
FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE
```

Copies furnished:
Hon. Donald L. Graham
AUSA Theodore M. Cooperstein
AFPD Fletcher Peacock
Pretrial Services